IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTWAN MATTHEWS,                                                                                    PLAINTIFF
ADC #108865

v.                                          4:22CV01001-KGB-JTK

MARK GOBER, et al.                                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **Introduction**

Antwan Matthews ("Plaintiff") is in custody at the Drew County Detention Center. He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 4-6, 7-8). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 8). Plaintiff was given the opportunity to file a superseding third Amended Complaint to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed a superseding third Amended Complaint, and the time for doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Plaintiff's Pleadings

A Complaint and two Amended Complaints have been filed in this case. (Doc. Nos. 1, 4, 5). Plaintiff, along with two other inmates, are identified as a Plaintiff in each pleading. When

the original Complaint was filed, the Court opened a separate lawsuit for each Plaintiff.[1] The original Complaint alleges deliberate indifference to serious medical needs, is written in terms of "I," and is signed only by inmate Mark Mosier. (Doc. No. 1).

The first Amended Complaint similarly is written in terms of "I." (Doc. No. 4). The first Amended Complaint also alleges deliberate indifference to serious medical needs, but is signed by all three inmates identified as Plaintiffs. (Id. at 5).

The second Amended Complaint, too, brings claims of deliberate indifference to serious medical needs, as well as conditions of confinement, and retaliation claims. (Doc. No. 5). The second Amended Complaint begins with "My name is Akym Lamaar Avery . . . I'm filing or making a complaint . . . ." (Id. at 4). The allegations in the second Amended Complaint also are in written in the first person – "I" – and the second Amended Complaint is signed by all three inmates. (Id. at 9).

Plaintiff also filed an Addendum to the Amended Complaints. (Doc. No. 6). In the Addendum, Plaintiff says that his cell was searched during a shakedown while he was in the yard. (Id. at 1). Plaintiff alleges that Barbara Parnell threw away his legal mail and personal property. (Id. at 1-2). Plaintiff alleges Parnell violated his Eighth and Fourteenth Amendment rights in the process. (Id. at 2).

**IV.    Analysis**

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a

---

[1] The related cases are: Mosier v. Gober, et al., 4:22-cv-00999-KGB-JTK and Avery v. Gober, et al., 4:22-cv-01000-KGB-JTK.

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). See also 42 U.S.C. § 1983 (establishing liability "to the party injured). To the extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff lacks standing to bring that claim. Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

Further, pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

### A. The Original Complaint Not Signed By Plaintiff

Plaintiff did not sign the original Complaint. (Doc. No. 1 at 7). Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Further, "[t]he court must strike an unsigned

paper unless the omission is promptly corrected after being called to the . . . party's attention." Id.

### B. Allegations in First Person

Each of the Complaints makes claims in the first person; the allegations are written in terms of "I." Because there are three inmates identified as Plaintiffs, the Court cannot determine which inmate suffered which alleged harm. Under these circumstances, the Court is uncertain if all allegations are Plaintiff's own experience. This is important because, as explained above, for a plaintiff to establish liability against a defendant, the plaintiff must have suffered some personal injury as a result of the defendant's unlawful actions. And without some injury to the plaintiff, there is no viable case or controversy.

### C. Plaintiff's Addendum

In his Addendum, Plaintiff explains his cell was searched during a shakedown while he was out for recreation; he maintains the search was unlawful. Plaintiff also alleges Barbara Parnell acted unlawfully by throwing away his legal mail and personal property. (Doc. No. 6).

But Plaintiff has not named Parnell as a Defendant in this lawsuit. Even if the Court assumed Plaintiff wanted to sue Parnell, Plaintiff did not specify that he intended to sue her in her individual capacity.

"If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998). And Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights. Accordingly, any claim against Parnell as currently pled fails.

5

Even if Plaintiff had sued Defendants and Parnell in their individual capacities, those claims fail. Plaintiff, a convicted prisoner, has no legitimate expectation of privacy regarding his cell. Hudson v. Palmer, 468 U.S. 517, 530 (1984). And because he failed to allege actual injury, any access to the courts claim fails. Lewis v. Casey, 518 U.S. 343, 353-54 (1996). Plaintiff identified his missing legal mail as a sentencing order and other documents he was given from the court. (Doc. No. 6 at 2). Legal mail, however, is narrowly defined as "mail to or from an inmate's attorney and identified as such." Beaulieu v. Ludeman, 690 F.3d 1017, 1037 (8th Cir. 2012). Lastly, to the extent Plaintiff claims loss of personal property, that due process claim fails because Plaintiff has a meaningful post-deprivation remedy available—a state law conversion claim. Hudson, 468 U.S. at 531.

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

**V.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 3rd day of January, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."